**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Kymberlee Hayes, individually on behalf of herself and on behalf of her minor child, H.H., and on behalf of all others similarly situated, | |
| *Plaintiff*, | Civil Action No. _3:23_-cv-04205-MGL |
| v. | **CLASS ACTION COMPLAINT** |
| SunOpta, Inc.; Sunrise Growers, Inc., | **JURY TRIAL REQUESTED** |
| *Defendants*. | |

COMES NOW, Kymberlee Hayes ("Plaintiff" or "Plaintiff Mother"), individually on behalf of herself and on behalf of her minor child, H.H. ("Plaintiff" or "Plaintiff Child"), and on behalf of all others similarly situated, for her Complaint against SunOpta, Inc. and Sunrise Growers, Inc. ("Defendants" or "Defendant Fruit Growers"). Plaintiff states and alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action because of Defendants' negligent failure to ensure the quality and safety of their frozen fruit products. Defendants' negligent failure led to the recall of Defendants' frozen fruit products ("Products", or "Recalled Products"). These Recalled Products were recalled due to bacterial contamination concerns. Specifically, the bacteria species *Listeria monocytogenes* (hereinafter "Bacteria") is believed to have contaminated Defendants' Recalled Products. Recalled Products include the following frozen fruit products from various retailers[1]:

---

[1] https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/voluntary-recall-specific-frozen-fruit-products-due-possible-contamination-listeria-monocytogenes

- **Walmart:** Great Value Mixed Fruit, Great Value Dark Sweet Cherries, and Great Value Mango Chunks sold at stores in AR, AZ, CA, CO, DC, IA, ID, IL, IN, KS, KY, LA, MD, MN, MO, MT, ND, NE, NM, NV, OH, OK, OR, PA, SD, TX, UT, VA, WV and WY from January 19, 2023, to June 13, 2023.

- **Whole Foods Market:** 365 Organic Tropical Fruit Medley, 365 Organic Pineapple Chunks, 365 Pineapple Chunks, 365 Organic Whole Strawberries, 365 Organic Slice Strawberries and Bananas, and 365 Organic Blackberries distributed to select stores throughout the US from November 1, 2022, to June 21, 2023.

- **Trader Joe's:** Trader Joe's Organic Tropical Fruit Blend distributed to select distribution centers or stores in AK, AL, CT, CO, DE, IA, IL, IN, KS, KY, LA, MA, MD, ME, MI, MN, MO, NE, NH, NJ, NM, NY, OH, OK, PA, RI, TN, TX, VA, VT, WI, and Washington DC from March 28, 2023, to April 11, 2023.

- **Target:** Good & Gather Organic Cherries and Berries Fruit Blend, Good & Gather Dark Sweet Whole Pitted Cherries, Good & Gather Mango Strawberry Blend, Good & Gather Mixed Fruit Blend, Good & Gather Mango Chunks, Good & Gather Blueberries, and Good & Gather Triple Berry Blend distributed nationwide from October 14, 2022, to May 22, 2023.

- **Aldi:** Season's Choice Tropical Blend distributed to select distribution centers or stores in AL, AR, CT, FL, GA, IA, KS, KY, MA, MD, MI, MO, MS, NC, NE, NH, NY, OH, OK, PA, RI, SC, TN, TX, VA, VT and WV from October 11, 2022, to May 22, 2023.

- **AWG (Associated Wholesale Grocers):** Best Choice Pitted Red Tart Cherries Unsweetened distributed to select distribution centers or stores in KS, MO, NE and OK from April 5, 2023, to May 4, 2023.

- **Kroger:**[2] Private Selection frozen bagged products including:

  o 48-ounce Tropical Mango Chunks.

  o 16-ounce Strawberry Mango & Pineapple Blend.

  o 48-ounce Classic Fruit Medley.

  o 48-ounce Blueberries, Strawberries & Mangoes.

## PARTIES

2.    Plaintiff Kymberlee Hayes is a resident of Blythewood, South Carolina. Blythewood is located within Richland County. Plaintiff ingested Defendants' Products as part of her normal routine and diet, and specifically enjoyed Defendant's frozen cherries. For months on end, up until June 2023, Plaintiff regularly ingested Recalled Products, specifically from the retailer Walmart, and became ill.

3.    At the time of her consumption, Plaintiff was pregnant with her minor child, H.H. In fact, Plaintiff Child H.H. became so ill from the Products while in utero that the minor child was diagnosed with *Listeria monocytogenes* caused meningitis, according to Plaintiff Mother's medical providers.

4.    Defendant, Sunrise Growers, Inc., ("Sunrise") is a subsidiary food production corporation wholly owned by Defendant SunOpta, Inc. Upon investigation, Sunrise is believed to be the actual producer of the fruit. Sunrise is a California based corporation with its headquarters located at 808 E Third Street, Oxnard, CA 93030.

5.    Defendant, SunOpta, Inc. ("SunOpta") is a multinational corporation with its headquarters located at 7078 Shady Oak Rd, Eden Prairie, MN 55344. Defendant SunOpta wholly owns Defendant Sunrise.

---

[2] https://www.supermarketnews.com/retail-financial/frozen-fruit-sold-kroger-stores-part-recall

## JURISDICTION AND VENUE

6.      Diversity subject matter jurisdiction exists over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), amending 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions involving: (a) 100 or more members in the proposed class; (b) where at least some members of the proposed class have different citizenship from Defendants; and (c) where the claims of the proposed Class Members exceed the sum or value of five million dollars ($5,000,000) in the aggregate. 28 U.S.C. §§ 1332(d)(2) and (6).

7.      This District Court has jurisdiction over Defendants as the Defendants regularly and continuously conduct business in the jurisdiction. Additionally, this Court has specific personal jurisdiction over Defendants as the injury and dispute both occurred within the jurisdiction.

8.      Venue is proper in this District under 28 U.S.C. § 1391(d) because a substantial part of the events or omissions giving rise to the claims in this action occurred in this District.

## BACKGROUND FACTS

9.      Defendants manufacture, market, advertise, label, and distribute fruit across the country.

10.     To reiterate, the dangerous frozen fruits from various retailers that are at issue here are as follows:

- **Walmart:** Great Value Mixed Fruit, Great Value Dark Sweet Cherries, and Great Value Mango Chunks sold at stores in AR, AZ, CA, CO, DC, IA, ID, IL, IN, KS, KY, LA, MD, MN, MO, MT, ND, NE, NM, NV, OH, OK, OR, PA, SD, TX, UT, VA, WV and WY from January 19, 2023 to June 13, 2023

- **Whole Foods Market:** 365 Organic Tropical Fruit Medley, 365 Organic Pineapple Chunks, 365 Pineapple Chunks, 365 Organic Whole Strawberries, 365 Organic Slice Strawberries and Bananas, and 365 Organic Blackberries distributed to select stores throughout the US from November 1, 2022 to June 21, 2023

- **Trader Joe's:** Trader Joe's Organic Tropical Fruit Blend distributed to select distribution centers or stores in AK, AL, CT, CO, DE, IA, IL, IN, KS, KY, LA, MA, MD, ME, MI, MN, MO, NE, NH, NJ, NM, NY, OH, OK, PA, RI, TN, TX, VA, VT, WI, and Washington DC from March 28, 2023 to April 11, 2023

- **Target:** Good & Gather Organic Cherries and Berries Fruit Blend, Good & Gather Dark Sweet Whole Pitted Cherries, Good & Gather Mango Strawberry Blend, Good & Gather Mixed Fruit Blend, Good & Gather Mango Chunks, Good & Gather Blueberries, and Good & Gather Triple Berry Blend distributed nationwide from October 14, 2022 to May 22, 2023

- **Aldi:** Season's Choice Tropical Blend distributed to select distribution centers or stores in AL, AR, CT, FL, GA, IA, KS, KY, MA, MD, MI, MO, MS, NC, NE, NH, NY, OH, OK, PA, RI, SC, TN, TX, VA, VT and WV from October 11, 2022 to May 22, 2023

- **AWG (Associated Wholesale Grocers):** Best Choice Pitted Red Tart Cherries Unsweetened distributed to select distribution centers or stores in KS, MO, NE and OK from April 5, 2023 to May 4, 2023.

- **Kroger:**[3] Private Selection frozen bagged products including:

  o 48-ounce Tropical Mango Chunks

  o 16-ounce Strawberry Mango & Pineapple Blend

---

[3] https://www.supermarketnews.com/retail-financial/frozen-fruit-sold-kroger-stores-part-recall

    o   48-ounce Classic Fruit Medley

    o   48-ounce Blueberries, Strawberries & Mangoes

11.    Defendants' Recalled Products are heavily marketed as being safe and healthy for one's consumption, even being quoted as offering "nutritional benefits".[4] The frozen fruits are not safe; the Bacteria present in these products can kill.[5]

12.    Defendants' packaging and labeling further emphasize quality and safe ingredients that are suitable for consumption by physically vulnerable persons, young children, those who have specific dietary restrictions, or those seeking a healthier lifestyle.

13.    Plaintiff Mother ingested the above Products throughout her pregnancy which spanned from roughly September of 2022 to June of 2023.

14.    Roughly two weeks after the birth of Plaintiff Child, Plaintiff Child was diagnosed with meningitis that was caused by *Listeria monocytogenes.* This diagnosis was provided by Plaintiff's medical providers who practice medicine in Richland County, South Carolina. The medical providers cited Defendant's Products as the cause for Plaintiff Child's injuries.

## FACTUAL ALLEGATIONS

15.    At all times relevant, Defendants knew or should have known that their Recalled Products had a risk of containing harmful Bacteria or were not sufficiently tested for the presence of Bacteria. During this time, Defendants omitted any reference to the presence, or risk thereof, of harmful Bacteria.

16.    Defendants knew or should have known the risks that *Listeria monocytogenes* poses, especially to the elderly, very young, pregnant, and immunocompromised. Defendants

---

[4] https://www.walmart.com/ip/Great-Value-Mango-Chunks-Frozen-16-oz/31712522
[5] https://www.cdc.gov/listeria/index.html

should have known that the standards for food safety have become increasingly stringent in recent years. Further, Defendants should have known of the dangers of *Listeria monocytogenes* due to recent and notable grocery contaminations.[6]

17.    Defendants knew or should have known that they owed consumers a duty of care to fully prevent, or at the very least, minimize the presence of harmful Bacteria in their Recalled Products.

18.    Defendants knew or should have known that they owed a duty of care to consumers to adequately test for harmful Bacteria in their Recalled Products.

19.    Defendants knew that consumers purchased the Recalled Products based on the reasonable expectation that Defendants manufactured the Recalled Products to the highest safety and sanitation standards, as to be fully fit for human consumption, particularly by those seeking a health supplement and the immunocompromised. Defendants knew or should have known that consumers would reasonably infer that Defendants would hold the Recalled Products to the highest sanitation and safety standards, as to prevent bacterial contamination.

20.    On or after June 21, 2023, Defendants recalled the aforementioned products due to potential bacterial contamination. Particularly, the bacteria species *Listeria monocytogenes* was mentioned as a possible contaminant.[7]

21.    The Food and Drug Administration ("FDA") and Center for Disease Control ("CDC") have declared *Listeria monocytogenes* to be harmful to all persons, even noting that death is often a result of *Listeria monocytogenes* contamination.[8]

---

[6] https://www.cdc.gov/listeria/outbreaks/index.html
[7] https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/voluntary-recall-specific-frozen-fruit-products-due-possible-contamination-listeria-monocytogenes
[8] https://www.cdc.gov/listeria/index.html

22.    As previously stated, exposure to *Listeria monocytogenes* can lead to death, particularly when the individuals exposed are immunocompromised, children, or elderly persons.[9]

23.    Many of Defendants' products are marketed to vulnerable persons, particularly those already needing to boost their health.[10]

24.    Despite the known risks of *Listeria monocytogenes*, Defendants have recklessly and/or knowingly sold the Recalled Products without disclosing the possible contamination.

25.    Additionally, Defendants knew or should have known that possible consumers would ingest the Recalled Products daily, often multiple times per day, thus compounding the possible exposures to *Listeria monocytogenes*.

26.    Defendants' omissions are material, false, misleading, and reasonably likely to deceive the public. This is especially true, considering the long-standing campaign that markets the Recalled Products as healthy, safe, and high quality, as to induce customers to purchase the products.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this case as a class action pursuant to Federal Rule of Civil Procedure 23 on her own behalf and as the Class representatives on behalf of the following:

> **Nationwide Class:** All persons within the United States who purchased the Products within the applicable statute of limitations.

28.    The Nationwide Class shall collectively be referred to herein as the "Class."

29.    Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

---

[9] Id.
[10] https://www.walmart.com/ip/Great-Value-Mango-Chunks-Frozen-16-oz/31712522

30.     Excluded from the Class are governmental entities, Defendant, its officers, directors, franchise owners, and any entity Defendant retains a controlling interest in; and the affiliates, legal representatives, and employees of Defendant.

31.     This action has been brought and may be maintained as a class action under Federal Rule of Civil Procedure 23.

32.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** This Class numbers at least in the thousands of persons. As a result, joinder of all Class Members in a single action is impracticable. Class Members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

33.     **Existence and Predominance of Common Questions of Law and Fact – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3).** There are questions of fact and law common to the Class that predominate over any question affecting only individual Members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

   a.   Whether Defendants engaged in the conduct alleged herein;

   b.   Whether Defendants owed a duty of care to Plaintiff and the Class;

   c.   Whether Defendants knew or should have known that the Recalled Products contained, or may contain, *Listeria monocytogenes*;

   d.   Whether Defendants wrongfully represented and continue to represent that the Recalled Products are natural and safe for human consumption;

   e.   Whether Defendants wrongfully represented and continue to represent that the Recalled Products are healthy;

f.  Whether Defendants wrongfully represented and continue to represent that the Recalled Products are natural and/or healthy;

g.  Whether Defendants wrongfully represented and continue to represent that the Recalled Products are appropriate for consumption by various persons of all ages, particularly those seeking a health supplement;

h.  Whether Defendants wrongfully represented and continue to represent that the manufacturing of the Recalled Products is subjected to rigorous standards, including testing for *Listeria monocytogenes*;

i.  Whether Defendants wrongfully failed to disclose that the Recalled Products contained, or may contain, *Listeria monocytogenes* and/or other contaminants;

j.  Whether Defendants' representations in advertising, warranties, packaging and/or labeling are false, deceptive, and misleading;

k.  Whether those representations are likely to deceive a reasonable consumer;

l.  Whether a reasonable consumer would consider the presence of, or risk of, *Listeria monocytogenes,* as a material fact when purchasing the Recalled Products;

m.  Whether Defendants had knowledge that those representations were false, deceptive and misleading;

n.  Whether Defendants continue to disseminate those representations despite knowledge that the representations are false, deceptive, and misleading;

o.  Whether representations that a product is healthy, of superior quality, nutritious, safe for consumption, and does not contain *Listeria monocytogenes*, are material to a reasonable consumer;

p.  Whether Defendants' representations and descriptions on the labeling of the Recalled Products are likely to mislead, deceive, confuse, or confound consumers acting reasonably;

q.  Whether Defendants breached their express warranties;

r.  Whether Defendants breached their implied warranties;

s.  Whether Defendants engaged in unfair trade practices;

t.  Whether Defendants engaged in false advertising;

u.  Whether Defendants made negligent and/or fraudulent misrepresentations and/or omissions;

v.  Whether certification of any or all of the class proposed herein is appropriate under Fed. R. Civ. P. 23;

w.  Whether Class Members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

x.  The amount and nature of relief to be awarded to Plaintiff and the other members of the Class.

34.  **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of those of the Class because Plaintiff suffered damage through her purchase of Defendant's Products.

35.  **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class Members could create a risk of inconsistent adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class Members to protect their interests.  In addition, it would be impracticable and

undesirable for each member of the Class who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

36.     **Adequacy – Federal Rule of Civil Procedure 23(a)(4).**  Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the Class that she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her undersigned counsel.

37.     **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated Class Members, substantially impeding their ability to protect their interests, while  establishing incompatible standards of conduct for Defendant. The proposed Class thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

38.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Class as a whole.

39.     Additionally, the Class may be certified under Rule 23(b)(1) and/or (b)(2) because:

- The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to individual

members of the Class that would establish incompatible standards of conduct

for the Defendant;

- The prosecution of separate actions by individual members of the Class would

  create a risk of adjudications with respect to them which would, as a practical

  matter, be dispositive of the interests of other members of the Class not parties

  to the adjudications, or substantially impair or impede their ability to protect

  their interests; and/or

- Defendant has acted or refused to act on grounds generally applicable to the

  Class, thereby making appropriate final and injunctive relief with respect to the

  members of the Class as a whole.

**CAUSES OF ACTION**

**<u>FOR A FIRST COLLECTIVE CAUSE OF ACTION</u>**
**Negligence**
**(Plaintiff and Other Members of the Class)**

40.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

41.    Plaintiff brings this count on behalf of herself and all others similarly situated.

42.    Defendant produces and distributes frozen fruit throughout the world.

43.    At all times relevant, Defendant had a duty to provide Plaintiff and the general

public with a safe product.

44.    Specifically, Defendant has a duty to provide fruit that is safe for human

consumption to its potential consumers.

45.    Defendant breached this duty by failing to ensure the safety of its Products.

Defendant's Products were contaminated with harmful, even deadly, Bacteria.

46.    As a result of Defendant's breach, Plaintiff was harmed in that she suffered personal injury and damages.

47.    Plaintiff Mother was physically injured, having become ill for several days. Plaintiff Child was harmed in utero and was diagnosed with meningitis as a result of Defendant's negligence.

48.    Additionally, Plaintiff also suffered economic injury in that Plaintiff lost her benefit of the bargain relating to her purchase price of the Products.

49.    Defendant's breach of its duty caused Plaintiff's damages both proximately and factually. But for Defendant's breach, Plaintiff would not have become ill as Plaintiff would not have ingested such harmful Bacteria that was contained within Defendant's Products. Secondly, Defendant's breach of its duty also proximately caused Plaintiff's injuries as it is foreseeable that such harmful Bacteria would cause injury if ingested by any human.

50.    Had Defendant properly designed, manufactured, or implemented a system in which Defendant's fruit had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated fruits.  As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products and fruits.

## FOR A SECOND COLLECTIVE CAUSE OF ACTION
### Breach of Express Warranty
### (Plaintiff and Other Members of the Class)

51.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

52.    Plaintiff brings this count on behalf of herself and other members of the Class.

53.     Defendants marketed and sold the Recalled Products into the stream of commerce with the intent that the Recalled Products would be purchased by Plaintiff and the Class.

54.     Defendants expressly represented and warranted that the Recalled Products were healthy and safe for consumption by all persons, particularly those seeking a health supplement.

55.     Defendants made these express warranties regarding the Recalled Products' quality, ingredients, and fitness for consumption in writing on the Recalled Products' packaging and labels through its website, advertisements, and marketing materials. These express warranties became part of the basis of the bargain that Plaintiff and the Class entered into upon purchasing the Recalled Products.

56.     Defendants' advertisements, warranties and representations were made in connection with the sale of the Recalled Products to Plaintiff and the Class. Plaintiff and the Class relied on Defendants' advertisements, warranties, and representations regarding the Recalled Products in deciding whether to purchase the Recalled Products.

57.     Defendants' Recalled Products do not conform to Defendants' advertisements, warranties, and representations in that the Recalled Products are not safe or appropriate for human consumption, and contain, or may contain, harmful Bacteria.

58.     Defendants were on notice of this breach, as they were aware of the possibly included *Listeria monocytogenes* bacteria in the Recalled Products, as reflected in their own recall.

59.     The inclusion of unsafe levels of *Listeria monocytogenes* is material because unsafe levels of this bacteria rendered Defendants' Recalled Products unsafe because these Recalled Products now presented a significant, unreasonable risk of physical harm. This risk renders the Recalled Products worthless or significantly less valuable when compared to a safe product of a similar nature or purpose.

60.     Plaintiff and the Class would not have purchased the lesser value Recalled Products had they known of the risk of sickness due to such contamination. Plaintiff and the Class purchased the Recalled Products due to the false or misleading representations and warranties and would not have purchased such Recalled Products if true facts had been disclosed.

61.     Privity exists because Defendants expressly warranted to Plaintiff and the Class through the warranting, packaging, marketing, and labeling that the Recalled Products were perfect for consumption and failed to make any mention of the presence of *Listeria monocytogenes* or other harmful ingredients. All conditions precedent to Defendants' liability under the above-referenced contract have been performed by Plaintiff and the other members of the Class.

62.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages in that they purchased Recalled Products that were worth less than the price they paid, given the presence of harmful ingredients, or risk thereof. Additionally, Plaintiff was injured in that she became ill. Plaintiff and the Class also would not have purchased the Recalled Products at all, had they known of the risk and/or presence of *Listeria monocytogenes*, and/or other ingredients that do not conform to the products' labels, packaging, advertising, and statements.

63.     Had Defendant properly designed, manufactured, or implemented a system in which Defendant's fruit had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated fruits. As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products and fruits.

64.     Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available due to Defendants' failure to deliver goods conforming to their express warranties and resulting breach.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability**
**(Plaintiff and Other Members of the Class)**

65.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

66.     Plaintiff brings this count on behalf of herself and other members of the Class.

67.     Defendants are merchants engaging in the manufacturing and sale of goods that were purchased by Plaintiff and members of the Class.

68.     At all times mentioned herein, Defendants manufactured or supplied the Recalled Products and prior to the time the Recalled Products were purchased by Plaintiff and the Class, Defendants impliedly warranted to Plaintiff and Class Members that the Recalled Products were of merchantable quality, fit for their ordinary use (consumption by all ages of persons, particularly those seeking a health supplement), and conformed to the promises and affirmations of fact made on the Recalled Products' containers and labels, including that the Recalled Products were safe and appropriate for consumption by physically vulnerable persons. Plaintiff and the Class relied on Defendants' promises and affirmations of fact when they purchased the Recalled Products.

69.     The Recalled Products were not fit for their ordinary use and did not conform to Defendants' affirmations of fact and promises as they contained, or were at risk of containing, *Listeria monocytogenes* or other non-conforming ingredients.

70.     Defendants breached their implied warranties by selling Recalled Products that failed to conform to the promises or affirmations of fact made on the container or label as each product contained *Listeria monocytogenes* or contaminants that do not conform to the packaging.

71.    Defendants were on notice of their breach, as Defendants were aware of the risks of bacterial contamination in the Recalled Products. Further, Defendants' awareness is demonstrated by the recall issued by Defendant. Had Defendants been unaware of such breach, Defendants would not have issued such a recall.

72.    Privity exists because Defendants impliedly warranted to Plaintiff and the Class through their warranting, packaging, advertising, marketing, and labeling that the Recalled Products were suitable for consumption and failed to make any mention of bacterial contamination.

73.    Had Defendant properly designed, manufactured, or implemented a system in which Defendant's fruit had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated fruits. As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products and fruits.

74.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages in that they have purchased Recalled Products that are now worth less than the price they paid, given the risk of and/or actual contamination of Recalled Products. Plaintiff and the Class would not have purchased the Recalled Products at all, had they known of the bacterial contamination issues.

75.    Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available as a result of Defendants' failure to deliver goods conforming to their implied warranties and resulting breach.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION**
**Fraudulent Misrepresentation**
**(Plaintiff and Other Members of the Class)**

76.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

77.    Plaintiff brings this count on behalf of herself and other members of the Class.

78.    Defendants expressly represented and warranted that the Recalled Products were healthy, health promoting, and safe for consumption, especially by physically vulnerable persons or those seeking a nutritional supplement.

79.    Defendants intentionally, knowingly, and recklessly made misrepresentations to induce Plaintiff and the Class to purchase its Recalled Products.

80.    Defendants knew that its representations about the Recalled Products were false in that the Recalled Products contained, or were at risk of containing, unsafe levels of *Listeria monocytogenes* or other unnatural ingredients that do not conform to the products' labels, packaging, advertising, and statements. Defendants allowed their packaging, labels, advertisements, promotional materials, and websites to intentionally mislead consumers, such as Plaintiff and the Class.

81.    Plaintiff and the Class relied on these misrepresentations and purchased the Recalled Products to their detriment, given the lesser value of the product. Given the deceptive way Defendants advertised, represented, and otherwise promoted the Recalled Products, Plaintiff's and the Class's reliance on Defendants' misrepresentations was justifiable.

82.    Had Defendant properly designed, manufactured, or implemented a system in which Defendant's fruit had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated fruits. As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products and fruits.

83.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages in that they have purchased the Recalled Products that are worth less than the price they paid. Plaintiff and the Class were marketed a safe product, and would not have purchased at all had they known of the presence, or risk of thereof, of *Listeria monocytogenes*.

84.     Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## FOR A FIFTH COLLECTIVE CAUSE OF ACTION
**Fraud by Omission**
**(Plaintiff and Other Members of the Class)**

85.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

86.     Plaintiff brings this count on behalf of herself and other members of the Class.

87.     Defendants knowingly, intentionally, and materially misrepresented and omitted, concealed from, and failed to disclose to Plaintiff and the Class that its Recalled Products contained, or were at risk of containing, *Listeria monocytogenes*, or other ingredients that do not conform to the products' labels, packaging, advertising, and statements.

88.     Defendants had a duty to disclose to Plaintiff and the Class the true quality, characteristics, ingredients, suitability, and risks of the Recalled Products because:

(1) Defendants were in a superior position to know the true state of facts about the Recalled Products;

(2) Defendants were in a superior position to know the actual ingredients, characteristics and suitability of the Recalled Products for consumption by all ages of persons, particularly those seeking a health supplement; and

(3) Defendants knew that Plaintiff and the Class could not have reasonably been expected to learn or discover that the Recalled Products were misrepresented in the packaging, labels, advertising and websites prior to purchasing the Recalled Products.

89.    The facts concealed or not disclosed by Defendants to Plaintiff and the Class are material because a reasonable consumer would consider the safety of a product quite important when deciding whether to purchase Defendants' Recalled Products.

90.    Plaintiff and the Class justifiably relied on Defendants' omissions to their detriment. The detriment is evident from the recall notice and true qualities, characteristics, and ingredients of the Recalled Products. All true qualities, characteristics, and ingredients of the Recalled Products are inferior in comparison to Defendants' advertisements and representations of the Recalled Products.

91.    Had Defendant properly designed, manufactured, or implemented a system in which Defendant's fruit had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated fruits.  As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products and fruits.

92.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages in that they have purchased a Recalled Product that is worth less than the price they paid given the potential harm to the consumer and that they would not have purchased at all had they known of the presence or risk of dangerous levels of *Listeria monocytogenes*.

93.    Plaintiff and the Class seek actual damages, injunctive relief, declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## FOR A SIXTH COLLECTIVE CAUSE OF ACTION
### Unjust Enrichment
### (Plaintiff and Other Members of the Class)

94.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

95.    Plaintiff brings this count on behalf of herself and other members of the Class.

96.    Substantial benefits have been conferred on Defendants by Plaintiff and the Class through purchase of the Recalled Products. Defendants knowingly and willingly accepted and enjoyed these benefits.

97.    Defendants either knew or should have known that the payments rendered by Plaintiff and the Class were given and made with the expectation that the Recalled Products would have the qualities, characteristics, ingredients, and suitability for consumption, as represented and warranted by Defendants. As such, it would be unjust for Defendants to retain the benefit of the payments under the circumstances.

98.    Had Defendant properly designed, manufactured, or implemented a system in which Defendant's fruit had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated fruits.  As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products and fruits.

99.    Defendants' acceptance and retention of these benefits under the alleged circumstances is inequitable.

100.    Plaintiff and the Class are entitled to recover all amounts wrongfully collected and improperly retained by Defendants, plus interest thereon.

101.    Plaintiff and the Class seek actual damages, injunctive relief, declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class alleged herein, respectfully request that the Court enter judgment in her favor and against Defendant as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representatives for the Class and Plaintiff's attorneys as Class Counsel;

B.    For an order declaring the Defendant's conduct violates the causes of action referenced herein;

C.    For an order granting injunctive relief providing that Defendant must implement a system to monitor bacteria levels within its Products more effectively as to prevent such contamination, or at the very least, the distribution of contaminated Products;

D.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

E.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

F.    For prejudgment interest on all amounts awarded;

G.    For an order of restitution and all other forms of equitable monetary relief;

H.    For injunctive relief as pleaded, or as the Court may deem proper; and

I.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and

expenses and costs of suit, and any other expense, including expert witness fees;

J.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

trial by jury on all issues so triable.

August 22, 2023                          Respectfully Submitted,

                                         */s/ Paul J. Doolittle*
                                         Paul J. Doolittle (Fed ID #6012)
                                         Blake G. Abbott (Fed ID #13354)
                                         **POULIN | WILLEY**
                                         **ANASTOPOULO, LLC**
                                         32 Ann Street
                                         Charleston, SC 29403
                                         Tel: (803) 222-2222
                                         Email: paul.doolittle@poulinwilley.com
                                                 blake.abbott@poulinwilley.com